IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 13-00860(05) LEK |
| | ) | CV 16-00331 LEK-RLP |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBIN LEE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION TO CORRECT SENTENCE UNDER
28 U.S.C. § 2255 AND DENYING A CERTIFICATE OF APPEALABILITY**

Before the Court is pro se Defendant/Petitioner
Robin M. Lee's ("Lee") Motion under 28 U.S.C. § 2255 to Vacate,
Set Aside, or Correct Sentence by a Person in Federal Custody
("§ 2255 Motion"), filed on June 20, 2016.  [Dkt. nos. 1030
(§ 2255 Motion), 1031 (memorandum in support).[1]]
Plaintiff/Respondent the United States of America ("the
Government") filed its response to the § 2255 Motion ("Response")
on August 31, 2016.  [Dkt. nos. 1058 (Response), 1059 (sealed
exhibits).]  After careful consideration of the § 2255 Motion,
the supporting and opposing memoranda, and the relevant legal
authority, Lee's § 2255 Motion is HEREBY DENIED, and a
certificate of appealability is also DENIED, for the reasons set
forth below.

---

[1] The § 2255 Motion is filed both in <u>United States v. Lee</u>,
CR 13-00860(05) LEK, and <u>Lee v. United States</u>, CV 16-00331 LEK-
RLP.  In this Order, unless otherwise specified, all citations to
the record refer to the filings in CR 13-00860.

## BACKGROUND

On September 12, 2013, Lee and seventeen others were indicted in an eleven-count Indictment. [Dkt. no. 1.] The Indictment alleged that the defendants, and others, "were members and associates of a criminal organization in Hawaii known as the 'USO Family,' whose members and associates engaged in acts involving narcotics trafficking, violence, threats of violence, bribery, and fraud."[2] [Indictment at 2.] Lee was indicted for racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) ("Count One"), [id. at 7-9,] and seven counts of making false claims to the United States Government, in violation of 18 U.S.C. § 287 ("Counts Five-Eleven") [id. at 13-14].

Lee initially entered a plea of not guilty, [Minutes, filed 11/20/13 (dkt. no. 183),] but, on July 30, 2014, he withdrew his plea and entered a plea of guilty to Count One, pursuant to a plea agreement. [Dkt. nos. 416 (Minutes), 423 (Memorandum of Plea Agreement ("Plea Agreement")).] In the Plea Agreement, Lee acknowledged that the conduct which formed the basis of Counts Five-Eleven would be considered by this Court at sentencing. [Plea Agreement at ¶ 4.] As of May 5, 2014, Gurmail "Gary" Singh, Esq., represented Lee. [CJA 20 form, filed 5/9/14 (dkt. no. 304).]

_____

[2] "The USO Family was formed in the State of Hawaii prison system, but operates both inside and outside the State of Hawaii Department of Public Safety prison system." [Indictment at 3.]

2

This Court held Lee's sentencing hearing on December 4, 2014. [Minutes, filed 12/4/14 (dkt. no. 766).] It accepted the plea agreement and adopted the factual findings in the presentence report. [Presentence Investigation Report ("PSR"), filed 12/12/14 (dkt. no. 774).] The PSR found that Lee's base offense level for conspiracy to possess with intent to distribute methamphetamine and marijuana was fourteen, with a two-level increase because the conspiracy involved the distribution of a controlled substance in a correctional facility, and another two-level increase for bribing a law enforcement officer, resulting in an adjusted offense level of nineteen because the offense level was less than the minimum alternative level. [Id. at ¶¶ 71-76.] For the mail fraud and wire fraud activities, the base offense level was seven, with a twelve-level increase for the actual or intended tax loss, and a four-level increase for a leadership role in the offense, for an adjusted offense level of twenty-three. [Id. at ¶¶ 77-82.] The PSR took the greater of the two offense levels, with a two-level adjustment, for a combined adjusted offense level of twenty-five. After a total decrease of three levels for acceptance of responsibility, Lee's total offense level was twenty-two. [Id. at ¶¶ 84-90.] His criminal history category was VI. [Id. at ¶ 134.] His imprisonment range under the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") was therefore 84 to 105 months,

and his range for supervised release was 1 to 3 years.  [Id. at ¶¶ 202, 205.]  The PSR noted that restitution in the amount of $353,810.00 to the Internal Revenue Service ("IRS") was to be ordered pursuant to the plea agreement.  [Id. at ¶ 212.]

This Court sentenced Lee to 105 months of imprisonment and three years of supervised release, and it ordered Lee to pay $353,810.00 in restitution and a $100 special assessment.  This Court granted the Government's oral motion to dismiss Counts Five through Eleven.  [Minutes, filed 12/4/14 (dkt. no. 766).]  The Judgment in a Criminal Case was filed on December 8, 2014.  [Dkt. no. 769.]

Lee filed his Notice of Appeal on December 16, 2014. [Dkt. no. 777.]  Lee's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) ("Anders Brief"), along with a motion to withdraw as counsel.  [United States v. Lee, No. 14-10553 (9th Cir.) ("Lee Appeal"), Appellant's Opening Brief & Motion to Be Relieved of Counsel Pursuant to Filing an Anders Brief on Behalf of Appellant Robin Lee, filed 4/9/15 (dkt. nos. 8-1, 8-2).]  Lee filed a pro se supplemental opening brief on June 1, 2015.  [Id., dkt. no. 15.]  The Ninth Circuit Court of Appeals disposed of the appeal and granted the motion to withdraw in a memorandum disposition, filed on August 5, 2015 ("Memorandum Opinion").  [Dkt. no. 920.]  The Ninth Circuit affirmed the Judgment as to the amount of restitution ordered and declined to

4

review Lee's ineffective assistance claims.  It dismissed the remainder of Lee's appeal in light of the valid waiver of his appeal rights.  The Ninth Circuit issued its Mandate on August 28, 2015.  [Dkt. no. 922.]

In the § 2255 Motion, Lee argues that: 1) his guilty plea "was unlawfully induced, not made voluntarily and without understanding the consequences of the plea" ("Ground One"); [§ 2255 Motion at 5;] and 2) he was denied the effective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution ("Ground Two") [id. at 6].  In addition, although not identified as numbered grounds in the § 2255 Motion, Lee raises the following arguments in his Memorandum in Support: prosecutorial misconduct deprived him of a fair trial and of his right to appeal, in violation of the Fifth Amendment ("Ground Three"); a challenge to the amount of the restitution order ("Ground Four"); a challenge to the imposition of the four-point enhancement for a leadership role ("Ground Five"); and an argument that his sentence should be overturned because it does not reflect his significant history of mental illness and substance abuse and because it is disproportionate to the sentences given to his co-defendants ("Ground Six").  Lee cites various events which occurred during the course of this case that he alleges support each ground.  The Government responds that all of Lee's arguments, except for those

5

asserting ineffective assistance of counsel, are waived in light

of the Plea Agreement and the Ninth Circuit's Memorandum Opinion.

The Government also argues that Lee has failed to establish that

his counsel rendered ineffective assistance.

### STANDARD

Section 2255(a) states:

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right
> to be released upon the ground that the sentence
> was imposed in violation of the Constitution or
> laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or
> that the sentence was in excess of the maximum
> authorized by law, or is otherwise subject to
> collateral attack, may move the court which
> imposed the sentence to vacate, set aside or
> correct the sentence.

This district court has described the standards applicable to

§ 2255 motions as follows:

> A court may dismiss a § 2255 motion if "it
> plainly appears from the motion, any attached
> exhibits, and the record of prior proceedings that
> the moving party is not entitled to relief."
> R. 4(b), Rules Governing Section 2255 Proceedings.
> A court need not hold an evidentiary hearing if
> the allegations are "palpably incredible [or]
> patently frivolous," Blackledge v. Allison, 431
> U.S. 63, 76 (1977), or if the issues can be
> conclusively decided on the basis of the evidence
> in the record.  See United States v. Mejia-Mesa,
> 153 F.3d 925, 929 (9th Cir. 1998) (noting that a
> "district court has discretion to deny an
> evidentiary hearing on a § 2255 claim where the
> files and records conclusively show that the
> movant is not entitled to relief"). . . .

Leon v. United States, Civ. No. 15-00099 JMS-BMK, 2015 WL

3965895, at *4 (D. Hawai`i June 29, 2015) (some alterations in

<u>Leon</u>).

The issues raised in Lee's § 2255 Motion are legal
issues that "can be conclusively decided on the basis of the
evidence in the record," including the record of the underlying
proceedings.  <u>See</u> <u>Mejia-Mesa</u>, 153 F.3d at 929.  This Court has
previously concluded that an evidentiary hearing is not necessary
in this case.  <u>See</u> Order Denying Def.'s Request for an
Evidentiary Hearing & Denying Def.'s Request for the Appointment
of Counsel, filed 9/7/16 (dkt. no. 1062).

<strong><u>DISCUSSION</u></strong>

**I.   <u>Waiver and the Law of the Case</u>**

At the outset, the Government argues that this Court
cannot consider Lee's arguments, except for those associated with
Ground Two, because Lee waived his right to bring such challenges
on appeal and on collateral review.  In the Plea Agreement, Lee
agreed:

> 14.  Defendant is aware that he has the right
> to appeal his conviction and the sentence imposed.
> Defendant knowingly waives the right to appeal,
> except as indicated in subparagraph "b" below, his
> conviction and any sentence within the maximum
> provided in the statute(s) of conviction or the
> manner in which that sentence was determined, on
> any ground whatever, in exchange for the
> concessions made by the prosecution in this plea
> agreement.
>
> a.   Defendant also waives his right to
> challenge his conviction or sentence or the manner
> in which it was determined in any collateral
> attack, including, but not limited to, a motion
> brought under Title 28, United States Code,

7

> Section 2255, except that defendant may make such
> a challenge (1) as indicated in subparagraph "b"
> below, or (2) based on a claim of ineffective
> assistance of counsel.
>
>           b.   If the Court imposes a sentence
> greater than specified in the guideline range
> determined by the Court to be applicable to
> Defendant, Defendant retains the right to appeal
> the portion of his sentence greater than specified
> in that guideline range and the manner in which
> that portion was determined under Section 3742 and
> to challenge that portion of his sentence in a
> collateral attack.

[Plea Agreement at 9.]

This Court acknowledges that Lee has taken the position
that the Plea Agreement is invalid because, among other things,
he asserts that he did not enter into the Plea Agreement
knowingly and voluntarily.  However, the Ninth Circuit has
already held that Lee made a valid waiver of his right to appeal
his conviction and sentence, except for challenges to the amount
of the restitution order.  [Memorandum Opinion at 2.]  The Ninth
Circuit's ruling "is the law of the case," and this Court must
follow it in considering Lee's § 2255 Motion.  See United States
v. Jingles, 702 F.3d 494, 498 (9th Cir. 2012) (citing In re
Rainbow Magazine, Inc., 77 F.3d 278, 281 (9th Cir. 1996) ("[T]he
decision of an appellate court on a legal issue must be followed
in all subsequent proceedings in the same case"); Odom v. United
States, 455 F.2d 159, 160 (9th Cir. 1972) ("The law in this
circuit is clear that when a matter has been decided adversely on
appeal from a conviction, it cannot be litigated again on a 2255

motion") (some citations omitted)).

Because the Ninth Circuit has already ruled that the waiver of Lee's appellate and collateral review rights in the Plea Agreement is valid, this Court DENIES Lee's § 2255 Motion as to Ground One.

Lee's waiver of his appellate and collateral review rights was subject to only two exceptions – ineffective assistance of counsel and the imposition of a sentence that exceeded either the statutory maximum or the Guideline range applicable to him.  Because there was no express exception for prosecutorial misconduct, Lee also waived any argument – on appeal or on collateral review – alleging prosecutorial misconduct.  See, e.g., United States v. Dykstra, No. 93-55747, 1994 WL 5726, at *2 (9th Cir. Jan. 7, 1994) (holding that the defendant was "precluded from raising these issues [of alleged prosecutorial misconduct] in her § 2255 motion because she made a knowing and voluntary waiver of her right to appeal in her plea agreement" (citing United States v. Broce, 488 U.S. 563, 569 (1989); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (some citations omitted))); United States v. Coleman, Case No. 11-cr-00904-PJH-1, 2015 WL 1548986, at *3 (N.D. Cal. Apr. 7, 2015) (noting in order dismissing a § 2255 motion that, "[b]y entering the plea agreement, . . . movant waived any claim of prosecutorial misconduct or request to withdraw the guilty

plea"). In addition, Lee also waived the arguments that he raises in Ground Five and Ground Six.

This Court therefore DENIES Lee's § 2255 Motion as to Ground Three, Ground Five, and Ground Six, based on the valid waiver in his Plea Agreement of his appellate and collateral review rights.

Ground Four challenges the amount of the restitution order. The Ninth Circuit held that Lee's Plea Agreement did not waive his right to challenge the amount of restitution. However, it also held that its "independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 80 (1988), disclose[d] no arguable grounds for relief on direct appeal as to the amount of restitution ordered by the district court." [Memorandum Opinion at 2.] In Penson, the United States Supreme Court stated:

> Once the appellate court receives th[e Anders] brief, it must then itself conduct "a full examination of all the proceeding[s] to decide whether the case is wholly frivolous." [Anders, 386 U.S. 738.] Only after this separate inquiry, and only after the appellate court finds no nonfrivolous issue for appeal, may the court proceed to consider the appeal on the merits without the assistance of counsel.

488 U.S. at 80 (some alterations in Penson). In Lee's direct appeal, the Ninth Circuit conducted a full examination of the record and found that there was no nonfrivolous issue for appeal of the restitution order. Thus, the Ninth Circuit's affirmance of the restitution order precludes the arguments that Lee now

10

brings in Ground Four.

In the alternative, even if the Ninth Circuit's holding in the direct appeal only precludes arguments that Lee expressly raised in his direct appeal, Ground Four raises the same challenges to the restitution order as those presented in Lee's direct appeal.  In the § 2255 Motion, Lee argues that the restitution award: included alleged losses from returns that were not part of the conspiracy; exceeded the amount of the actual loss because there was no proof that his co-conspirators received and cashed all of the tax return checks; was disproportionate to the restitution awards in his co-conspirators' sentences; and imposes a severe hardship on him during his incarceration, and will continue to impose a severe hardship after his release.  He also argues that all of these errors show that this Court improperly determined the restitution amount, in violation of his constitutional right to due process.

The law of the case doctrine would preclude this Court from revisiting Lee's challenges to the restitution order if the are same arguments that the Ninth Circuit rejected in his direct appeal.  The <u>Anders</u> brief that Lee's counsel filed in his direct appeal argued that the Ninth Circuit should vacate the restitution award because: 1) the Government failed to meet its burden of proof as to the amount of restitution because it presented no facts or evidence to support the amount of the

award; [Lee Appeal, Anders Brief at 31-33;] 2) the amount of
restitution should not have included the alleged losses
associated with Counts Five-Eleven, which were dismissed; [id. at
33;] 3) although acts that Lee co-defendants committed were
considered in the determination of Lee's sentence, he was the
only one ordered to pay the total restitution amount; [id. at 33-
34;] and 4) the restitution portion of Lee's sentence was
substantively unreasonable [id. at 35-37].  Lee made similar
argument in the supplemental brief that he filed pro se.

Thus, the Ninth Circuit has already considered and
rejected the arguments that Lee raises in the § 2255 Motion
regarding the sufficiency of the evidence and the reasonableness
of the restitution award.  It does not appear that Lee raised the
due process argument during his direct appeal.  However, the
Ninth Circuit's holding that there was no error in the
determination of the restitution award necessarily means that
Lee's cumulative effect/due process argument also fails.

Because the Ninth Circuit has already affirmed the
restitution order, this Court DENIES Lee's § 2255 Motion as to
Ground Four.  The only issue raised in the § 2255 Motion which is
properly before this Court is Ground Two, which alleges that Lee
received constitutionally ineffective assistance of counsel

before the district court.[3]

## II.  **Ineffective Assistance of Counsel**

This district court has stated:

> To prevail on an ineffective assistance
> claim, a petitioner must show that (1) counsel's
> representation fell below an objective standard of
> reasonableness, and (2) there is a reasonable
> probability that, but for counsel's unprofessional
> errors, the result of the proceeding would have
> been different.  Strickland v. Washington, 466
> U.S. 668, 687-88 (1984).  That is, the petitioner
> must also show that the deficiency was
> prejudicial.  Id. at 692.
>
> Counsel "is strongly presumed to have
> rendered adequate assistance and made all
> significant decisions in the exercise of
> reasonable professional judgment."  Id. at 690.
> But, a court need not determine whether counsel's
> performance was deficient before examining the
> prejudice suffered by the petitioner as a result
> of the alleged deficiencies.  See id. at 697.  In
> other words, any deficiency that does not result
> in prejudice necessarily fails.

United States v. Chaves, Cr. No. 14-00579 JMS (03), 2016 WL

5660327, at *4 (D. Hawai`i Sept. 28, 2016).  As to the

reasonableness prong, a court must "determine whether, in light

of all the circumstances, the identified acts or omissions were

outside the wide range of professionally competent assistance."

Strickland, 466 U.S. at 690.  As to the prejudice prong, "the

defendant must show that there is a reasonable probability that,

but for counsel's errors, he would not have pleaded guilty and

---

[3] This Court does not construe Lee's § 2255 Motion as
alleging that his appellate counsel rendered ineffective
assistance.

would have insisted on going to trial." Hill v. Lockhart, 474
U.S. 52, 59 (1985).  Lee bears the burden of proof as to both
prongs of the Strickland analysis.  See Turk v. White, 116 F.3d
1264, 1265 (9th Cir. 1997).

Lee alleges multiple ways that Mr. Singh rendered
ineffective assistance during the period prior to the entry of
Lee's guilty plea.  The Strickland analysis is applicable to
those claims.  See Hedlund v. Ryan, 815 F.3d 1233, 1250 (9th Cir.
2016) (quoting Hill v. Lockhart, 474 U.S. 52, 57, 106 S. Ct. 366,
88 L. Ed. 2d 203 (1985)).  Further, in the plea context, the
Strickland analysis "is based on 'counsel's judgment and
perspective when the plea was negotiated, offered and entered,'
not on a post-adjudication assessment of the case."  Baldwin v.
Muniz, Case No. 14-cv-03271-JST(PR), 2016 WL 97454, at *6 (N.D.
Cal. Jan. 8, 2016) (quoting Premo v. Moore, 562 U.S. 115, 126
(2011)).  In Premo, the United States Supreme Court stated:

> The art of negotiation is at least as nuanced as
> the art of trial advocacy, and it presents
> questions farther removed from immediate judicial
> supervision.  There are, moreover, special
> difficulties in evaluating the basis for counsel's
> judgment: An attorney often has insights borne of
> past dealings with the same prosecutor or court,
> and the record at the pretrial stage is never as
> full as it is after a trial.  In determining how
> searching and exacting their review must be,
> habeas courts must respect their limited role in
> determining whether there was manifest deficiency
> in light of information then available to
> counsel. . . .

562 U.S. at 125.

14

## A.   <u>Advising Lee to Accept the Plea Agreement</u>

Lee's primary argument regarding the plea stage is that Mr. Singh rendered ineffective assistance because he advised Lee to enter into a plea agreement which was not favorable to Lee. Lee contends that Mr. Singh should have either tried to negotiate terms that would have resulted in a lower offense level or taken Lee's case to trial.  Lee contends that a trial would have resulted in a more favorable outcome.

Lee's entry of a guilty plea resulted in a three-level decrease in his offense level for acceptance of responsibility. Without the reductions for acceptance of responsibility, Lee's Guidelines sentencing range would have been 110 to 137 months of imprisonment, instead of 84 to 105 months.  <u>See</u> U.S.S.G. Sentencing Table.  Lee could have received a sentence that was up to thirty-two months longer than the sentence that he actually received.  The Plea Agreement also included the Government's agreement to dismiss Counts Five-Eleven, which the Government did at the sentencing hearing.  Had Lee proceeded to trial on all counts and been convicted, he faced the possibility of consecutive sentences, and he avoided that possibility because the Plea Agreement only required him to plead guilty to Count One.  Further, although not expressly stated in the Plea Agreement, as part of the plea negotiations, the Government agreed not to prosecute Lee for crimes that he allegedly

15

committed while being held at the Federal Detention Center in Honolulu while his case was pending. [Submission of Exhs. 4, 5, and 7 in Supp. of Government's Response to Section 2255 Motion, filed 8/31/16 (dkt. no. 1059) ("Sealed Exhibits"), Exh. 5 (Decl. of Counsel Gurmail "Gary" Singh ("Singh Decl.")) at ¶ 8.]

Mr. Singh and Lee met with IRS Special Agent Mark MacPherson ("Agent MacPherson") in early July 2014, and Agent MacPherson presented the evidence that the Government had against Lee. According to Mr. Singh, the evidence "included transactions that could not be denied." [Id. at ¶ 9.] Mr. Singh advised Lee that going to trial would be "a very bad idea" and that he would likely receive a lower sentence by pleading guilty than he would receive if he went to trial and was convicted. [Id.] Mr. Singh's determinations that he could not negotiate a plea agreement which would result in a lower offense level and that proceeding to trial would likely result in a higher sentence were decisions of litigation strategy. Lee has not identified any evidence or legal support for his claim that Mr. Singh could have negotiated for a lower offense level or that a trial would have resulted in a more favorable outcome.

This Court FINDS that the Plea Agreement was beneficial to Lee, and, under the circumstances which existed at the time of the plea negotiations, Mr. Singh's recommendation that Lee enter into the Plea Agreement was within the range of professionally

16

competent assistance.  Because Mr. Singh's advice was reasonable, this Court does not need to address the second <u>Strickland</u> factor. This Court CONCLUDES that Lee has failed to establish that Mr. Singh rendered ineffective assistance when he advised Lee to enter into the Plea Agreement.

### B. <u>Preservation of Rights</u>

Lee also argues that Mr. Singh rendered ineffective assistance because he failed to preserve Lee's right to appeal and to seek collateral review.  Mr. Singh was aware that it was standard practice for the United States Attorney's Office to include waivers of the defendant's appellate rights and collateral review rights in their plea agreements.  Mr. Singh did not ask the Government to omit the waivers in Lee's Plea Agreement because he thought such a request would be futile, particularly because Lee "had already changed his mind about pleading guilty in the course of a plea hearing." [<u>Id.</u> at ¶ 6.] Lee has not identified any evidence or legal authority supporting his position that effective counsel could have preserved Lee's appellate and collateral review rights.

This Court FINDS that, under the circumstances which existed at the time of the plea negotiations, Mr. Singh's decision not to request the exclusion of the standard appellate and collateral review waivers from Lee's Plea Agreement was a litigation strategy decision that was within the range of

professionally competent assistance.  Because Mr. Singh's decision was reasonable, this Court does not need to address the second Strickland factor.  This Court CONCLUDES that Lee has failed to establish that Mr. Singh rendered ineffective assistance because he failed to preserve Lee's appellate and collateral review rights in the Plea Agreement.

### C.    Amount of Bribes Stipulated to and Amount of Restitution Agreed to

The Plea Agreement states, *inter alia*, that: Lee agreed to pay restitution in the amount of $353,810.00; [Plea Agreement at ¶ 7.b;] and the parties stipulated that Lee was responsible for more than $10,000 but less than $30,000 in bribes [id. at ¶ 11.b(i)].  As to the restitution amount, Lee alleges that: 1) Mr. Singh never went over the discovery materials with him; 2) when the IRS agent finally provided Lee with the discovery materials, Lee discovered that there were forty tax returns that he did not file; and 3) if those forty returns had not been considered, it would have lowered the restitution amount by $50,000.  As to the amount of bribes, Lee alleges that he informed Mr. Singh that there were errors in the Plea Agreement – and the PSR – but Mr. Singh failed to correct them.

Mr. Singh states that: both he and Lee's former counsel provided Lee with the discovery in this case; and he "discussed the discovery at length with [Lee]."  [Singh Decl. at ¶ 3.] Mr. Singh also denies that Lee expressed concern about the

stipulation to the amount of bribes, and Mr. Singh states that, based on his careful review of the discovery, he believed that Lee was involved in more than $10,000 worth of bribes.  Mr. Singh "believed that, strategically, agreeing to the stipulation made sense: it was likely to be imposed by the Court and Mr. Lee's owning up to it would likely gain some favor with the Court." [Id. at ¶ 5.]

There is a dispute between Lee's claims that Mr. Singh never reviewed the discovery with him and that Lee informed Mr. Singh about the error in the amount of the bribes referred to in the Plea Agreement and PSR and Mr. Singh's contrary statements in his declaration.  Ordinarily, an evidentiary hearing would be required to resolve this factual dispute.  See United States v. Mejia-Mesa, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief").  However, an evidentiary hearing is not necessary in the instant case because, even if this Court accepts as true Lee's statements that Mr. Singh did not review the discovery with him and Mr. Singh did not act upon the errors that Lee pointed out regarding the amount of bribes, that alone is not sufficient to show that Mr. Singh rendered constitutionally ineffective assistance.

Lee's position is essentially that Mr. Singh was ineffective because Mr. Singh's analysis of the amount of bribes and the amount of restitution Lee would ultimately be found responsible for was incorrect.  Lee has the burden of proving that Mr. Singh's performance was deficient.  Although Lee alleges that there were errors in the Plea Agreement's and the PSR's discussions of the amount of bribes he was responsible for, Lee does not identify what those errors were or how reasonable counsel could have corrected them.  As to the restitution amount, Lee alleges that there were over forty tax returns that he "did not file."  [Mem. in Supp. of § 2255 Motion at 13.]  Lee has not identified these tax returns and, moreover, the restitution amount was not limited to the fraudulent tax returns that Lee himself filed.  Lee also assisted another inmate – Co-Defendant Billy Wond – in preparing tax returns in Wond's name, and Lee and Wond directed the preparation and submission of tax returns through surrogates outside of prison.  See PSR at ¶ 23.  Lee has not identified any evidence or legal authority to support his position that the forty tax returns should not have been considered in determining his restitution amount.

This Court CONCLUDES that Lee has failed to carry his burden to prove that Mr. Singh's performance fell below an objective standard of reasonableness as to the amount of the bribes that Lee would be held responsible for and the amount of

Lee's restitution.  In light of this Court's ruling, it does not
need to address the second Strickland factor.  This Court
CONCLUDES that Lee has failed to establish that Mr. Singh
rendered ineffective assistance as to the amount of bribes that
Lee would be found responsible for and the amount of Lee's
restitution.

D.  **Joint and Several Liability for Restitution**

In the context of Ground One, which alleges that he did
not knowingly and voluntarily enter into the Plea Agreement, Lee
alleges that Mr. Singh erroneously informed him that the
restitution amount would be divided among the co-conspirators.
[Mem. in Supp. of § 2255 Motion at 5.]  This Court must liberally
construe Lee's filings because he is proceeding pro se.  See,
e.g., Pregana v. CitiMortgage, Inc., Civil No. 14-00226 DKW-KSC,
2015 WL 1966671, at *2 (D. Hawai`i Apr. 30, 2015) ("The Court
liberally construes the [plaintiffs'] filings because they are
proceeding pro se." (citing Eldridge v. Block, 832 F.2d 1132,
1137 (9th Cir. 1987))).  This Court therefore construes the
§ 2255 Motion as also alleging that Mr. Singh rendered
ineffective assistance because he incorrectly advised Lee that
his co-defendants would be jointly and severally liable for the
restitution that this Court ordered.

In the § 2255 Motion, Lee alleges that Mr. Singh
"misinformed" him that the restitution amount "would be divided

accordingly among all co-conspirators." [Mem. in Supp. of § 2255 Motion at 5.] Lee therefore assumed that he would have to repay less than $50,000, and he pled guilty based on that assumption. [Id.] Mr. Singh acknowledges that he "did tell Mr. Lee that restitution would be imposed joint and several with the other defendants involved in the tax scheme." [Singh Decl. at ¶ 14.]

The following co-defendants were charged in Count One with Lee, and their respective sentences included an order to pay restitution to the IRS: Charlie Esera – $889.85; [Judgment in a Criminal Case, filed 11/17/14 (dkt. no. 749), at 6;] Billy Wond – $1,607.00 [Judgment in a Criminal Case, filed 12/19/14 (dkt. no. 791), at 6;] David Kahui – $692.00; [Judgment in a Criminal Case, filed 2/10/15 (dkt. no. 848), at 6;] and Opherro Jones – $4,576.00 [Judgment in a Criminal Case, filed 5/29/15 (dkt. no. 914), at 6].[4] In addition, Agent MacPherson states:

> M.G., a cooperating defendant, was ordered to pay restitution to the IRS, joint and several with Mr. Lee, under a different cause number. The result of these restitution orders is Mr. Lee will not be solely responsible for the restitution amount ordered against him. The IRS will credit Mr. Lee with any restitution paid by the other defendants in their cases, and will similarly credit him with any restitution paid by the non-defendant taxpayers who have a tax liability due

---

[4] Feso Malufau was the only other co-defendant charged in Count One, but he was not ordered to pay restitution. See Judgment in a Criminal Case, filed 2/17/15 (dkt. no. 856), at 5. Agent MacPherson states that they could not prove that Malufau was involved in the tax scheme. [Sealed Exhibits, Exh. 7 (Decl. of Special Agent Mark MacPherson ("MacPherson Decl.")) at ¶ 3.]

> to their involvement in Mr. Lee's tax scheme.   In
> other words, the IRS will not "double-collect"
> from the various defendants and taxpayers.

[MacPherson Decl. at ¶ 3.]

Thus, Mr. Singh correctly advised Lee that his liability for the restitution award would be joint and several with the other responsible defendants.   Mr. Singh did not advise Lee that the portion of the restitution award that he would ultimately be responsible for would only be $50,000; that was Lee's assumption.   This Court CONCLUDES that Lee has failed to carry his burden to prove that Mr. Singh's performance fell below an objective standard of reasonableness as to the liability for the restitution award.   Even if the Court assumes that Mr. Singh did advise Lee that his portion of the restitution award would only be $50,000 and that Lee would have gone to trial if he had known it would be more, Lee has not identified any evidence or legal authority which shows that a trial would have resulted in a sentence with a lower restitution award.   This Court therefore CONCLUDES that Lee failed to carry his burden of proof as to the prejudice factor of the Strickland analysis.   This Court CONCLUDES that Lee has failed to establish that Mr. Singh rendered ineffective assistance as to the joint liability for the restitution award.

### E.    <u>History of Substance Abuse and Mental Illness</u>

Lee also argues that Mr. Singh rendered ineffective assistance because he failed to raise Lee's history of substance abuse and mental illness as part of the defense.  Lee argues that Mr. Singh could have used it as a mitigating factor to obtain a lower sentence, or to obtain an acquittal by reason of insanity. However, during sentencing, this Court found that Lee's substance abuse and mental health issues were not mitigating factors but **aggravating** factors because they "would lead [Lee] to commit other crimes or encourage [his] recidivism."  [Trans. of 12/4/14 Sentencing ("Sentencing Trans."), filed 1/27/15 (dkt. no. 837), at 6.]  In addition, a defendant asserting an insanity defense has a high burden of proof.  18 U.S.C. § 17 states:

> (a)  Affirmative defense. – It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts.  Mental disease or defect does not otherwise constitute a defense.
>
> (b)  Burden of proof. – The defendant has the burden of proving the defense of insanity by clear and convincing evidence.

Even if the Court assumes that Lee's substance abuse and mental illness issues rose to the level of "a severe mental disease or defect," he has not identified any evidence which indicates that those issues rendered him "unable to appreciate the nature and quality or the wrongfulness of his acts."  This Court agrees with

24

the Government that the extensive efforts Lee undertook to conceal his criminal activity weigh heavily against a finding that effective counsel could have raised a successful insanity defense.

This Court CONCLUDES that Lee has failed to carry his burden to prove that Mr. Singh's strategic decision not to incorporate Lee's substance abuse and mental illness issues into Lee's defense fell below an objective standard of reasonableness. Further, Lee has also failed to show that the results of the proceeding would have been different if Mr. Singh had done so. This Court therefore CONCLUDES that Lee has failed to establish that Mr. Singh rendered ineffective assistance by failing to incorporate Lee's substance abuse and mental illness issues into Lee's defense.

### F.   **Failure to Withdraw Guilty Plea**

This Court also liberally construes the § 2255 Motion as alleging that Mr. Singh rendered ineffective assistance because he failed to follow Lee's directions to withdraw the guilty plea.  Lee alleges that, had Mr. Singh withdrawn the guilty plea and taken the case to trial, they would have been able to prove that Lee "did not actually do all 297 fraudulent returns alleged [sic] that was shown as evidence" in the meeting with Agent MacPherson.  [Mem. in Supp. of § 2255 Motion at 7.]  Lee does not expressly state when he supposedly

25

instructed Mr. Singh to withdraw his guilty plea.  However, he

appears to allege that he did so at some point prior to the

sentencing hearing.  <u>See</u> <u>id.</u> at 14 (alleging that counsel

"refused to withdraw his guilty plea, due to restitution, go over

his discovery and the evidence or Lee's **last request to delay**

**sentencing** for purpose of reviewing his discovery" (emphasis

added)).  As previously stated, Lee entered his guilty plea on

July 30, 2014, and his sentencing was on December 4, 2014.  This

court accepted Lee's guilty plea on August 14, 2014.  [Acceptance

of Plea of Guilty, Adjudication of Guilt and Notice of

Sentencing, filed 8/14/14 (dkt. no. 467).]  A reasonable

inference from Lee's § 2255 Motion, read as a whole, is that he

alleges he directed Mr. Singh to withdraw his guilty plea at some

point after this Court accepted the plea, but before sentencing.

A defendant may withdraw his guilty plea "after the

court accepts the plea, but before it imposes sentence if:

(A) the court rejects a plea agreement under Rule 11(c)(5); or

(B) the defendant can show a fair and just reason for requesting

the withdrawal."  Fed. R. Crim. P. 11(d)(2).  Lee essentially

states that he wanted to go to trial and that he believed he

could have proven that he did not prepare all 297 tax returns

that were ultimately the basis of the restitution award.

However, "[a] defendant's mere change of heart about pleading

guilty, or unsupported claims of innocence, are insufficient to

allow him to withdraw his plea." <u>United States v. Chong</u>, 167 F. Supp. 2d 1160, 1163 (D. Hawai`i 2001) (citing <u>United States v. Rios-Ortiz</u>, 830 F.2d 1067, 1069-70 (9th Cir. 1987); <u>United States v. Turner</u>, 898 F.2d 705, 713 (9th Cir. 1990)).[5] Lee has not identified any evidence which supports his position that he was innocent as to some of the 297 fraudulent tax returns. Moreover, as this Court has previously discussed, the restitution award was not based solely on fraudulent tax returns that Lee himself prepared.

This Court CONCLUDES that, even assuming that Lee did instruct Mr. Singh to withdraw his guilty plea, Lee has not proven: Mr. Singh's strategic refusal to move for the withdrawal of the plea fell below an objective standard of reasonableness; and the result of the proceeding would have been different if

---

[5] In <u>Rios-Ortiz</u>, the Ninth Circuit stated:

> [T]his court has repeatedly held that the decision to permit or deny withdrawal of a guilty plea is within the district court's sound discretion. Accordingly, this court has not overturned a denial of a motion to withdraw a guilty plea absent something more than the defendant's change of mind. <u>Cf.</u>, <u>Kadwell v. United States</u>, 315 F.2d 667 (9th Cir. 1963) (refusal to permit withdrawal of plea reversed where district court did not inform defendant of nature of accusation or consequences of plea; defendant was faced with serious charge, was far from home, and had only brief consultation with counsel appointed at time of arraignment).

830 F.2d at 1069-70 (some citations omitted).

Mr. Singh had attempted to withdraw Lee's guilty plea.  This Court therefore CONCLUDES that Lee has failed to establish that Mr. Singh rendered ineffective assistance by failing to file a motion to withdraw Lee's guilty plea.

G. **Government Cooperation**

Lee also argues that Mr. Singh rendered ineffective assistance because: 1) Mr. Singh advised him to cooperate with the Government, even though Assistant United States Attorney Jill Otake had determined that he was not a credible witness; and 2) Mr. Singh failed to seek a reduction in Lee's sentence based on Lee's voluntary testimony before the grand jury in August 2012.

First, it is unclear what cooperation Lee asserts he engaged in based on Mr. Singh's advice.  Lee's testimony before the grand jury in August 2012 was before Mr. Singh's representation began, and therefore was not undertaken pursuant to Mr. Singh's advice.  Lee agreed to meet with Agent McPherson on two separate occasions.  However, Agent McPherson describes the meetings as "a 'reverse proffer,' or a meeting during which [he] advised Mr. Lee and his attorney of the evidence against [Mr. Lee]."  [MacPherson Decl. at ¶ 2.]  Even assuming that Lee did have the opportunity to cooperate with the Government at those meetings and that Lee attended those meetings on the advice of counsel, Lee does not establish either how his participation

28

in those meetings was detrimental to him or why Mr. Singh's advice to participate in those meetings was objectively unreasonable.  Moreover, Lee has not shown that there is a reasonable probability that the result of the proceedings would have been different if Mr. Singh had not advised Lee to participate in those meetings.  This Court therefore CONCLUDES that Lee has failed to meet his burden of proof as to both parts of the Strickland analysis.  Lee has failed to establish that Mr. Singh rendered constitutionally ineffective assistance when he advised Lee to cooperate with the Government.

Turning to Lee's argument that Mr. Singh rendered ineffective assistance by failing to seek a reduction in Lee's sentence based on Lee's testimony before the grand jury, this Court notes that:

> A defendant's cooperation may be taken into account in calculating a Guidelines sentencing range, after granting a motion for a departure under § 5K1.1 of the Guidelines.  Alternatively, cooperation may be included as part of consideration of § 3553(a) factors after a Guidelines sentencing range is calculated.  See e.g., United States v. Zolp, 479 F.3d 715, 721 (9th Cir. 2007) ("the district court did not err by considering [defendant's] cooperation as part of its analysis under 18 U.S.C. § 3553(a) rather than as part of its advisory guidelines calculation"). . . .

United States v. Ressam, 679 F.3d 1069, 1091 n.10 (9th Cir. 2012) (some alterations in Ressam).  Only the Government may file a motion for a downward departure based on substantial assistance

29

to authorities.  <u>See</u> U.S.S.G. § 5K1.1 ("Upon **motion of the government** stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." (emphasis added)).  Thus, Mr. Singh could not file a motion for a downward departure based on Lee's grand jury testimony.  At sentencing, Mr. Singh did argue that this Court should consider Lee's grand jury testimony in determining Lee's sentence.  In response to the Government's argument that the Court should impose a term of imprisonment on the high end of Lee's Guidelines sentencing range, Mr. Singh argued:

> Judge, we will be asking this court to impose a
> sentence on the lower end, and this is the reason
> why: I'm his second attorney.  My understanding is
> that at one point he did cooperate.  He did talk
> to IRS agents.  He did come out here.  He went
> before the grand jury.

[Sentencing Trans. at 8-9.]

Because Mr. Singh could not file a § 5K1.1 motion on Lee's behalf, and he did argue that this Court should consider Lee's grand jury testimony within the § 3553(a) factors, this Court CONCLUDES that Lee has failed to establish that Mr. Singh's performance fell below an objective standard of reasonableness as to the effect of Lee's grand jury testimony on his sentence.  In light of this Court's ruling, it does not need to address the second <u>Strickland</u> factor.  This Court CONCLUDES that Lee has failed to establish that Mr. Singh rendered ineffective

30

assistance as to the grand jury testimony issue.

H.    **Information Given to the Probation Office**

Lee alleges that Mr. Singh rendered ineffective assistance because Mr. Singh instructed him to give the United States Probation Office false information. Lee alleges that Mr. Singh instructed him to falsely present himself to the Probation Office as a victim who feared the USO Family because it would make him appear more sympathetic at sentencing. [Mem. in Supp. of § 2255 Motion at 12, 14.] The record, however, does not support Lee's claim that Mr. Singh told him to lie to the Probation Office.[6]

The PSR states that "Lee was interviewed by investigators on multiple occasions between 04/11/2012 and 07/14/2012." [PSR at ¶ 26a.] During these interviews, Lee indicated that he was intimidated by the USO inmates, and he was afraid that they would hurt him if he did not work with them or give them money. Lee even stated that he relocated to Las Vegas after his release so that USO could not control him and because he feared for his safety. [PSR at ¶ 26e.] Lee made these statements long before Mr. Singh represented him in the instant case. If Lee was lying at that time, it was not pursuant to any alleged advice from Mr. Singh. Lee does not point to any

---

[6] Although not necessary to the analysis of this issue, the Court notes that Mr. Singh denies telling Lee to lie to the Probation officer. [Singh Decl. at ¶ 10.]

specific information about Mr. Singh's alleged advice that Lee
lie to the Probation officer about being a victim of USO.
Further, based on Lee's 2012 statements, his allegation that
Mr. Singh advised him to lie about being a victim of USO is
inherently implausible.

Even if the Court assumes that Lee's 2012 statements
about USO were false and that Mr. Singh somehow encouraged Lee to
continue to paint himself falsely as a victim of USO, Lee has not
shown how the result of the proceedings would have been different
but for the allegedly unprofessional advice.  This Court
therefore CONCLUDES that Lee has failed to carry his burden of
proof as to both parts of the <u>Strickland</u> analysis.  This Court
CONCLUDES that Lee has failed to establish that Mr. Singh
rendered ineffective assistance by advising Lee to give false
information to the Probation Office.

    **I.**    <u>**Failure to Request a Continuance of Lee's Sentencing**</u>

Lee alleges that Mr. Singh rendered ineffective
assistance because he failed to request a continuance of Lee's
sentencing hearing to allow him to review the discovery with Lee.
Even if the Court assumes that Mr. Singh should have requested a
continuance, Lee has not shown that the failure to request a
continuance was prejudicial to Lee.

As previously noted, although Lee contends that
Mr. Singh failed to provide him with the discovery, Lee himself

32

states that an IRS agent – presumably Agent MacPherson – eventually provided him with the discovery.  Thus, if there was any favorable evidence in the discovery that could have been presented at Lee's sentencing if he had more time to review the discovery with Mr. Singh, Lee would have been aware of that evidence by the time he filed his § 2255 Motion.  Lee's position is that he would have been able to show at sentencing that he was not responsible for all of the bribes and IRS losses that were attributed to him.  However, this Court has previously concluded that Lee failed to show what errors Mr. Singh allegedly made in calculating the amount of bribes that he believed Lee would be held responsible for.  Lee has also claimed that he did not prepare and file all of the 297 fraudulent tax returns attributed to him for purposes of the restitution award.  However, this Court has noted that the fact that Lee was not the person who actually prepared or filed certain fraudulent returns does not preclude criminal responsibility for them.  <u>See</u> <i>supra</i> Section II.C.  This Court therefore CONCLUDES that Lee has failed to establish that the result of his proceedings would have been different if Mr. Singh had requested a continuance of Lee's sentencing to review the discovery with him.  This Court CONCLUDES that Lee has failed to establish that Mr. Singh rendered ineffective assistance by failing to request a continuance of Lee's sentencing.

33

**J.**   **Failure to Make Objections**

Finally, Lee contends that Mr. Singh rendered ineffective assistance because Mr. Singh failed to raise objections related to the sentencing proceeding, such as to the draft PSR, the application of the Guidelines to the facts of this case, or the Government's sentencing statement.  Mr. Singh states that he did not file objections to the PSR "because there were no viable objections to be made."  [Singh Decl. at ¶ 13.]  Lee does not identity what specific objections a reasonable attorney would have made.

This Court FINDS that, under the circumstances which existed at the time of sentencing, Mr. Singh's decision not to make any objections was a litigation strategy decision that was within the range of professionally competent assistance.  Because Mr. Singh's decision was reasonable, this Court does not need to address the second Strickland factor.  This Court CONCLUDES that Lee has failed to establish that Mr. Singh rendered ineffective assistance because he failed to raise any objections related to sentencing.

**K.**   **Summary**

This Court has rejected all of the alleged instances of ineffective assistance.  This Court has carefully considered Lee's § 2255 Motion as a whole and, to the extent that the § 2255 Motion alleges any other instances of ineffective assistance that

34

this Court did not specifically address in this Order, this Court
also CONCLUDES that Lee failed to carry his burden of proof as to
those allegations.  Having rejected all of Lee's allegations of
ineffective assistance, this Court DENIES Lee's § 2255 Motion as
to Ground Two.

## III. **Certificate of Appealability**

This district court has stated that:

> In dismissing a § 2255 motion, the court must
> also address whether [defendant/petitioner] should
> be granted a certificate of appealability ("COA").
> See R. 11(a), Rules Governing Section 2255
> Proceedings (providing that "[t]he district court
> must issue or deny a certificate of appealability
> when it enters a final order adverse to the
> applicant").  A COA may issue only if the
> petitioner "has made a substantial showing of the
> denial of a constitutional right."  28 U.S.C.
> § 2253(c)(2).

> "The standard for a certificate of
> appealability is lenient."  Hayward v. Marshall,
> 603 F.3d 546, 553 (9th Cir. 2010) (en banc),
> overruled on other grounds by Swarthout v. Cooke,
> 562 U.S. 216 (2011).  The petitioner is required
> to demonstrate only "that reasonable jurists could
> debate the district court's resolution or that the
> issues are adequate to deserve encouragement to
> proceed further."  Id. (citation and internal
> quotation marks omitted).  The standard "requires
> something more than the absence of frivolity, but
> something less than a merits determination."  Id.
> (internal quotation marks omitted).

> The court carefully reviewed [the
> defendant/petitioner's] assertions and gave him
> every benefit by liberally construing them.  Based
> on the above analysis the court finds that
> reasonable jurists could not find the court's
> rulings debatable.

Leon v. United States, Civ. No. 15-00099 JMS-BMK, 2015 WL

3965895, at *9-10 (some alterations in <u>Leon</u>).  This Court FINDS that reasonable jurists would not find that its rulings regarding Lee's § 2255 Motion are debatable.  This Court therefore DENIES the issuance of a certificate of appealability.

<u>**CONCLUSION**</u>

On the basis of the foregoing, Lee's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed June 20, 2016, is HEREBY DENIED. In addition, this Court DENIES a certificate of appealability.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 30, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**UNITED STATES OF AMERICA VS. ROBIN LEE; CR 13-00860 LEK; CV 16-00331 LEK-RLP; ORDER DENYING MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AND DENYING A CERTIFICATE OF APPEALABILITY**